UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:11-cv-80397-XXXX

PATRICIA MOORE,
On behalf of herself and all others similarly situated,

Plaintiffs

-v-

BANK OF AMERICA (USA) N.A., F/K/A MBNA, AND D/B/A) FIA CARD SERVICES, N.A.,

Defendant.

**DEFENDANT FIA CARD SERVICES, N.A.'S MOTION TO DISMISS THE COMPLAINT**

FIA CARD SERVICES, N.A. ("FIA"), through counsel, hereby moves pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(3) for an Order dismissing Plaintiff's Complaint for failure to state a claim upon which relief can be granted and/or for failure to bring suit in the proper venue.

**INTRODUCTION**

The Complaint in this action, while filed in the name of Plaintiff Patricia Moore ("Plaintiff" or "Moore") literally contains no allegations that are specific to Moore or describe the transaction in which Moore engaged. Rather, the Complaint makes generic allegations about a theoretical class of credit card holders that are untethered to any actual person's experience. Nearly every factual allegation refers by rote to "Plaintiff and each member of the class." This type of fanciful pleading does not satisfy Rule 8, and it fails to state a claim under Rule 12(b)(6).

It can be inferred from the Complaint that Plaintiff and FIA are parties to a credit card agreement.[1] However, that agreement includes a mandatory forum selection clause which provides that all litigation arising out of the agreement must take place in Delaware. Plaintiff's action, originally brought in Palm Beach County and removed to this Court, must be dismissed because it was brought in the improper venue.

Moreover, Plaintiff has failed to adequately plead any claim for relief. Her core claim alleging breach of contract is premised solely on the false assertion that there is an "Assigning Claims" provision in the FIA credit card agreement. There is no such provision, either in Plaintiff's Exhibit A or in the actual credit card agreements. Plaintiff cannot base a breach of contract claim on a provision not found in her credit card agreement. *See, e.g., Lopez v. TRG-Brickell Point W., Ltd.,* 2009 U.S. Dist. LEXIS 43522, 3-4 (S.D. Fla. May 21, 2009) (breach of contract claim fails where there was "no provision" in the contract that gave rise to Plaintiff's claims). In addition, because Plaintiff's breach of the implied covenant of good faith and fair dealing attaches only to the performance of a contractual obligation, that claim necessarily fails as well. Without any "Assigning Claims" provision in the credit card agreement, Moore's contract and implied covenant claims predicated on such a provision necessarily fail. Thus, Counts I and II should be dismissed.

Plaintiff's unjust enrichment claim, which has been "pled in the alternative," Compl. ¶ 77, should also be dismissed. Where, as here, there is an express contract that governs the relationship of the parties, Plaintiff cannot avail herself of the quasi-contractual remedy afforded by an unjust enrichment claim. *Capitaliza-T Sociedad De Responsabilidad Limitada De Capital*

[1] *See* Compl. at ¶77 ("Plaintiff and each member of the class entered into a valid binding contract with defendant").

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

*Variable v. Wachovia Bank of Del. Nat'l Ass'n*, 2011 U.S. Dist. LEXIS 24472, *21-22 (D. Del. Mar. 9, 2011). Count III should also be dismissed.

Plaintiff's declaratory judgment claim likewise fails because she has failed to allege any basis upon which declaratory relief could be grounded. *See Sierra Equity Group, Inc. v. White Oak Equity, LLC*, 650 F. Supp. 2d 1213, 1231 (S.D. Fla. 2009). Count IV therefore fails.

Finally, each of Plaintiff's claims seeks relief under the Federal Truth in Lending Act ("TILA") 15. U.S.C. §1666i, which provides that a card issuer "shall be subject to all claims and defenses arising out of any transaction in which the credit card is used as a method of payment" if certain conditions are met. Plaintiff, however, has not asserted a separate cause of action for any TILA violation. It is well-settled that §1666i does not provide an independent cause of action. Rather, any assertion of §1666i claims must be accompanied by adequate allegations that an underlying TILA violation occurred as well. *See Beaumont v. Citibank (South Dakota) N.A.*, 2002 U.S. Dist. LEXIS 5276, 01 Civ. 3393 (S.D.N.Y. March 28, 2002); *Moynihan v. Providian Fin. Corp.*, 2003 U.S. Dist. LEXIS 13732 (D. Md. July 14, 2003). Here, Plaintiff does not adequately allege an underlying TILA violation.

Even if a substantive TILA claim had been pled, it would be barred by the one-year statute of limitations period for TILA claims seeking monetary relief. *See* 15 U.S.C. § 1640(e); *Dixon v. Countrywide Home Loans, Inc.*, 710 F. Supp. 2d 1325, 1333 (S.D. Fla. 2010) (dismissing stale TILA claim with prejudice). Plaintiff alleges FIA's misconduct began some four years ago, "as early as 2007." Compl. ¶ 50. Therefore any TILA-based claims are time-barred. Plaintiff thus has failed to adequately plead facts that give rise to any claim for relief, and her Complaint should be dismissed.

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

## PLAINTIFF'S ALLEGATIONS

Plaintiff's indecipherable Complaint apparently seeks to base a class action on an unspecified purchase she made with her FIA-issued credit card and then disputed without success. Plaintiff pleads that during her billing dispute, FIA misrepresented the "claims and defenses" provision of the TILA as well as a non-existent "Assigning Claims" provision of her FIA credit card contract.[2] *See* Compl. ¶ 13 and Plaintiff's Ex. A. Plaintiff alleges that her acceptance of FIA's offer to open a credit card afforded her and putative class members the right to dispute any charges. Compl. ¶¶ 1, 3.

Plaintiff also alleges that her credit card was issued pursuant to TILA, Compl. ¶ 41, and that she contacted FIA about the charges in question "as early as 2007." Compl. ¶ 50. She claims that FIA failed to provide her an opportunity to withhold payment for disputed charges, in accordance with the terms of the credit card contract and TILA.[3] Compl. ¶ 52.

Invoking the credit card agreement and TILA's "claims and defenses" provision, 15 U.S.C. §1666i, Plaintiff seeks to hold FIA liable for 1) breach of contract (Count 1); (2) breach of the implied covenant of good faith and fair dealing (Count II); and (3) unjust enrichment (Count III). Plaintiff also seeks a declaratory judgment (Count IV) as to the parties' rights and

[2] Ex. A to Plaintiff's Complaint is incorrectly proffered as the contract that "Plaintiff and each member of the class entered into" Compl. ¶ 61. In fact, it appears to be an exemplar agreement pulled from an FIA web site. FIA has attached a true and correct copy of (i) its credit card agreement with Plaintiff, (ii) the "Additional Terms and Conditions" of the credit card agreement between FIA and Plaintiff, and (iii) a June 2010 Amendments To Your Account Agreement. See Exs. 1 -3. *See Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F. 3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal." Notably, no "Assigning Claims" provision exists in Plaintiff's Ex. A or in Def.'s Exs. 1, 2 or 3.

[3] Plaintiff's delay of four years from 2007 to 2011 bars any claim under TILA, which has a one-year statute of limitations.

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

obligations under the credit card contract and TILA. For the reasons set forth below, all of Plaintiff's claims should be dismissed.

## ARGUMENT

### I. STANDARD OF REVIEW

#### A. Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).[4] Moreover, factual allegations in a complaint must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).[5] Well-pleaded factual allegations are presumed true when considering a Rule 12(b)(6) motion, but legal conclusions are not. *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," fail to state a plausible claim, because such allegations fail to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The Eleventh Circuit has recognized that "[a] complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1950; *Twombly*, 550 U.S. at 561-62, 570). Accordingly, this pleading standard "'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Nat'l Mar. Servs., Inc. v. Straub*, 2010 U.S.

[4] This action has not been certified as a class action and, therefore, the claims of the sole Plaintiff must stand on their own. "As this is not a class action, each plaintiff must establish [her] own claim." *Thomas v. McNeil*, 2009 U.S. Dist. LEXIS 1208, 102-103 (M.D. Fla. Jan. 9, 2009).

Dist. LEXIS 117197, at *3 (S.D. Fla. Nov. 3, 2010) (citing *Twombly*, 550 U.S. 555). In analyzing the sufficiency of a complaint under *Iqbal*, courts in the Eleventh Circuit follow a two-prong analysis by "(1) eliminat[ing] any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, 'assum[ing] their veracity and then determin[ing] whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950).[6]

**B. Fed. R. Civ. P. 12(b)(3).**

A motion to dismiss based on a forum selection clause is properly brought pursuant to Rule 12(b)(3) as a motion to dismiss for improper venue. *Cantley v. Ducharme*, 2011 U.S. Dist. LEXIS 14812 (S.D. Fla. Feb. 14, 2011). *See also Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998) (holding that a motion to dismiss based on a forum selection clause is brought under Rule 12(b)(3) as a motion to dismiss for improper venue). On such a Rule 12(b)(3) motion, the Court may consider matters outside the pleadings, "particularly when the motion is predicated upon key issues of fact." *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1320 (S.D. Fla. 2000) (citation omitted).

---

[5] In *Ashcroft*, the Court also examined Rule 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."

[6] If this Court elects not to dismiss the Complaint, FIA respectfully requests a more definite statement of the claims being made by the Plaintiff. Under Fed. R. Civ. P. 12(e), a party may move for a more definite statement when the allegations of a pleading are "so vague or ambiguous that the party cannot reasonably be required to frame a responsive pleading." *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001) (noting that failure to identify claims with sufficient clarity to enable a defendant to respond constitutes a "shotgun pleading"); *Magluta v. Samples* 256 F.3d 1282, 1284 (11th Cir. 2001) (noting that "shotgun pleading" occurs when a complaint incorporates by reference every preceding paragraph into each individual claim).

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

## II. PLAINTIFF HAS NOT ADEQUATELY ALLEGED ANY COMMON LAW CLAIMS.

### A. Plaintiff Has Not Pled Actionable Breach of Contract.

Plaintiff has not adequately stated a claim for breach of contract because her claim rests upon FIA's alleged violation of an "Assigning Claims" contract provision that simply does not exist. "Three elements must be proven to demonstrate a breach of contract: (1) existence of a contract; (2) breach of an obligation imposed by the contract; and (3) resulting damage to the plaintiff." *Chudner v. TransUnion Interactive, Inc.*, 2010 U.S. Dist. LEXIS 141052, 7-8 (D. Del. Dec. 14, 2010).[7] Plaintiff cannot point to any actual contractual provision contained in the agreement between her and FIA that has been breached. It follows that she cannot allege the breach of any obligation or resulting damage.

Plaintiff attached as Exhibit A to her Complaint an "example" credit card agreement that she claims applies to each member of the putative class, but cannot say that it is *the* contract between Plaintiff and FIA. For purposes of this motion, however, even if the Court were to assume Exhibit A was the actual contract, her claim fails because the "Assigning Claims" provision is nowhere to be found in that document. *See* Ex. A.

Moreover, the credit card agreement that actually governs Plaintiff's account, attached as Defendant's Exhibit 1, contains no such provision.[8] For that matter, neither do the "Additional

[7] The credit card agreement provides that it is governed by the laws of the State of Delaware (without regard to its conflict of laws principles). See Def.'s Ex. 1 at 6; Ex. 2 at 10. Florida law is similar in that plaintiff must establish the following elements in a breach of contract claim: "(1) the existence of a valid contract; (2) a material breach; and (3) damages resulting from the breach." *Zaki Kulaibee Establishment v. McFlicker*, 2011 U.S. Dist. LEXIS 44177, 11-12 (S.D. Fla. Apr. 25, 2011).

[8] On a motion to dismiss for improper venue, the Court may consider matters outside the pleadings "particularly when the motion is predicated upon key issues of fact." *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1320 (S.D. Fla. 2000) (citation omitted). Consideration of the motion within the context of the credit card agreement thus is proper.

Terms and Conditions" of the credit card agreement between FIA and Plaintiff, attached as Exhibit 2, nor the "Amendments to Your Account Agreement" attached as Exhibit 3.

As this Court has noted, in deciding a motion to dismiss, a "Court may consider the full text of documents referenced in, or central to, the allegations of the complaint." *Bruhl v. Pricewaterhouse Coopers Int'l.*, 2007 U.S. Dist. LEXIS 21885, *8 (S.D. Fl. 2007) (citing *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)). Furthermore, "[i]f an allegation in a complaint is based on a writing and the writing contradicts the allegation, the writing controls." *Bruhl*, 2007 U.S. Dist. LEXIS 21885 at *8.

Plaintiff's Complaint is premised solely upon an "Assigning Claims" provision which simply does not exist. Her breach of contract claim should be dismissed on this basis alone. *See Lopez v. TRG-Brickell Point W., Ltd.,* 2009 U.S. Dist. LEXIS 43522, 3-4 (S.D. Fla. May 21, 2009) (breach of contract claim fails where there was "no provision" in the contract that gave rise to Plaintiff's claims).

An additional fatal defect in Plaintiff's pleading is her utter failure to provide any details regarding the transaction that forms the basis for her claims against FIA or to make any connection between her personal interaction with FIA and the causes of action in her Complaint. She fails to identify the account which she allegedly had with FIA or to describe any dealings she had with FIA in connection with a merchant dispute. Her generic and conclusory allegations that FIA breached a non-existent contract provision do not satisfy the *Twombly* standards. *See Gomez v. Lozano*, 2011 U.S. Dist. LEXIS 2269, *2 (S.D. Fla. Jan. 5, 2011) (a plaintiff must allege more than "labels and conclusions" and "the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief'") (quoting *Twombly,* at 554-55). Accordingly, Count I should be dismissed.

**B. Plaintiff Has Not Pled a Cause of Action for Breach of Implied Covenant of Good Faith and Fair Dealing.**

"The implied covenant of good faith and fair dealing inheres in every contract and 'requires' a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the bargain." *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 442 (Del. 2005) (quoting *Wilgus v. Salt Pond Inv. Co.*, 498 A.2d 151, 159 (Del. Ch. 1985)).[9] However, Delaware law instructs that "[i]mposing an obligation on a contracting party through the covenant of good faith and fair dealing is a cautious enterprise, and instances should be rare." *Superior Vision Servs., Inc. v. ReliaStar Life Ins. Co.*, CA. No. 1668-N, 2006 Del. Ch. LEXIS 160, *22 (Del. Ch. Aug. 25, 2006).

To properly bring a claim for the breach of implied covenant, a Plaintiff "must allege a specific implied contractual obligation, a breach of that obligation by [the defendants], and resulting damage." *Fitzgerald v. Cantor*, 1998 Del. Ch. LEXIS 212, *4 (Del. Ch. Nov. 10, 1998). Further, "when the contract's terms expressly address the dispute, those express terms and not the implied covenant of good faith and fair dealing will govern the parties' relations." *Id.*

[9] The contractual Delaware choice of law provision contained in the credit card agreement controls the claim for breach of implied covenant of good faith and fair dealing because the covenant attaches to the performance of each specific contractual obligation. *Accord Kraft Co. v. J & H Marsh & McLennan of Fla., Inc.*, 2006 U.S. Dist. LEXIS 45261 (M.D. Fla. July 5, 2006)("It is well settled that Florida law recognizes an implied covenant of good faith and fair dealing which attaches to the performance of each specific contractual obligation. This is part of Florida's contract law, not an independent tort.") (citing *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1291 (11th Cir. 2001)). Thus, unless the claim sounds in tort, which it does not, the Delaware contract choice of law rule applies. *See Burger King Corp. v. Austin*, 805 F. Supp 1007, 1012 (S.D. Fla. 1992) ("Claims arising in tort are not ordinarily controlled by a contractual choice of law provision.") (quoting *Sutter Home Winery, Inc. v. Vintage Selections, Ltd.* 971 F.2d 401, 407 (9th Cir. 1992)).

Moore's allegations are insufficient to sustain a claim for breach of the implied covenant of good faith and fair dealing because Moore does not allege any action by FIA that "would impliedly contradict the terms of the [credit card] Agreement" between Moore and FIA. *Perlmutter v. Salton, Inc.*, 2010 U.S. Dist. LEXIS 100659, 11-12 (D. Del. Sept. 24, 2010) (dismissing claim for breach of implied covenant of good faith and fair dealing where Plaintiff did not adequately allege a violation of the agreement between the parties). As demonstrated above, Plaintiff has simply failed to plead an actionable claim for breach of contract. It follows that Plaintiff has no viable claim for breach of implied covenant of good faith and fair dealing.

Moreover, the Complaint contains only conclusory allegations, none of which establish that FIA engaged in any arbitrary or unreasonable conduct that had the effect of preventing Plaintiff from receiving the "fruits of her bargain" with FIA. Plaintiff's claim is grounded in the allegation that FIA did not inform Plaintiff of her alleged rights "under the credit card contract and/or the Federal Truth in Lending Act", Compl. ¶ 69, which is essentially a restatement of her breach of contract claim. Further, Plaintiff's efforts to distinguish this claim from the contractual claim fall miserably short with her reference to unspecified breaches "recognized in judicial decisions: evasion of the spirit of the bargain, willful rendering of imperfect performance, and abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance" -- whatever all of that means. *See* Compl. ¶ 70. These conclusory allegations cannot form a basis for such a claim. Count II should be dismissed.

**C. Plaintiff Has Not Pled an Actionable Unjust Enrichment Claim.**

In order to bring a claim for unjust enrichment, a Plaintiff must allege "'(1) an enrichment; (2) an impoverishment; (3) a relation between the enrichment and the impoverishment; (4) the absence of justification; and (5) the absence of a remedy provided by

law.'" *Capitaliza-T Sociedad De Responsabilidad Limitada De Capital Variable v. Wachovia Bank of Del. Nat'l Ass'n*, 2011 U.S. Dist. LEXIS 24472 (D. Del. Mar. 9, 2011) (quoting *B.A.S.S. Group, LLC v. Coastal Supply Co., Inc.*, Civ. Act. No. 3743-VCP, 2009 Del. Ch. LEXIS 166 at *6 (Del. Ch. June 19, 2009)). Plaintiff has asserted the existence of a valid contract (while alleging a non-existent contract term). However, the Complaint does not suggest that the credit card agreement is void. Thus, to the extent that there is any breach of contract (which there is not) there is an adequate remedy at law. A claim for unjust enrichment cannot be maintained where there is an express contract that governs the rights of the parties. *Capitaliza-T Sociedad De Responsabilidad Limitada De Capital Variable v. Wachovia Bank of Del. Nat'l Ass'n*, 2011 U.S. Dist. LEXIS 24472, *21-22 (D. Del. Mar. 9, 2011) (dismissing unjust enrichment claim between plaintiff depositor and defendant bank because there existed a contractual relationship) (citing *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 891 (Del. Ch. 2009) (stating that claim for unjust enrichment is not available if there is a contract that governs the relationship between parties that gives rise to the unjust enrichment claim.)). *See also Restrepo v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 8924, *6 (S.D. Fla. Feb. 3, 2010) (dismissing unjust enrichment claims upon a showing that an express contact exists between the parties).

## III. PLAINTIFF HAS NOT STATED A VALID CLAIM FOR DECLARATORY JUDGMENT.

Plaintiff asserted a claim for declaratory judgment in her state court Complaint. Whether analyzed under state[10] or federal law,[11] the allegations in the Complaint cannot sustain a declaratory judgment claim.

[10] Florida Statute § 86.021 provides: " Any person claiming to be interested or who may be in doubt about his or her rights under a deed, will, contract, or other article, memorandum, or instrument in writing or whose rights, status, or other equitable or legal relations are affected by… memorandum, or instrument in writing may have determined any question of construction or validity arising under such … contract, deed, will, … memorandum, or instrument in writing,

"A claim for a declaratory judgment under the Florida Declaratory Judgment Act requires that a party plead a bona fide adverse interest between the parties regarding a right, power, or privilege of the plaintiff, that the plaintiff has a doubt about the existence of such right or privilege, and that the plaintiff is entitled to have the doubt removed." *Adams Partners, Inc. v. Bentley Motors, Inc.*, 2007 U.S. Dist. LEXIS 98574, 3-4 (S.D. Fla. June 22, 2007).

Plaintiff has not pled the existence of any "bona fide adverse interest" between her and FIA regarding any "right, power or privilege" or any entitlement to have any doubt removed. Instead, she relies on the non-existent "Assigning Claims" provision of the credit card agreement. In the absence of any such contractual provision, there is no doubt to be removed.

Similarly, Plaintiff has not pled a set of facts showing that a declaratory judgment would be appropriate under federal precedent. As this Court noted in *Sierra Equity Group, Inc. v. White Oak Equity, LLC*, a declaratory judgment is proper to "afford a [ ] form of relief from uncertainty and insecurity with respect to rights, status, and other legal relations." 650 F. Supp. 2d 1213, 1230 (S.D. Fla. 2009) (citations omitted). However, a "declaratory judgment is inappropriate solely to adjudicate past conduct" and "questions regarding whether torts have been committed or a contract was adequately performed [are] unrelated to the purpose behind the Declaratory Judgment Act. Indeed, the purpose of the Declaratory Judgment Act is to clarify the

---

or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder."

[11] The federal Declaratory Judgment Act, 28 U.S.C. § 2201 states in pertinent part: "(a) In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

legal relations at issue and to settle controversies prior to a legal breach of duty or contract." *Id.* at 1230-31 (citations omitted.)

In *Sierra*, the plaintiff sought a declaratory judgment asking the Court to declare that it was entitled to a return of its funds, with interest, from the Defendant. Relying on the principles articulated above, the court held that a declaratory judgment was not an appropriate remedy because it "would need to make various factual determinations regarding the past conduct of the parties" and this would be contrary to the purpose of the Declaratory Judgment Act, which was to "clarify the legal relations at issue and to settle controversies prior to a legal breach of duty or contract." *Id.* Here, Plaintiff indisputably seeks a retrospective declaration as to FIA's alleged past acts in connection with the handling of Plaintiff's claim under her credit card agreement with FIA, Compl. ¶ 86-89, and not a prospective declaration of rights. Indeed, Plaintiff claims that FIA has previously breached its contract with Plaintiff and that Plaintiff is entitled to a return of payments and finance charges. Thus Plaintiff's request for a declaratory judgment addresses alleged past acts and, as such, it is inappropriate. *See Heise v. Porcelli*, 2008 U.S. Dist. LEXIS 22863, *7 (M.D. Fla. Mar. 21, 2008) (dismissing a declaratory judgment claim where Plaintiffs' allegations "d[id] not include the essential elements of a declaratory judgment action" and failed to allege a "justiciable controversy") Count IV of Plaintiff's Complaint should be dismissed.

## IV. PLAINTIFF HAS NOT ALLEGED AN UNDERLYING TILA CLAIM AND THEREFORE HER SECTION 1666I-BASED CLAIMS SHOULD BE DISMISSED

### A. Section 1666(i) Is Not an Independent Cause of Action.

Plaintiff is correct that Section 1666i ("Claims and Defenses") offers customers who are dissatisfied with credit card purchases a mechanism by which they can recover the purchase costs from the credit card issuer after unsuccessful attempts to recover from the merchant. However, this is not an automatic right and it can only be pursued when the following criteria

have been met: "(1) the obligor has made a good faith attempt to obtain satisfactory resolution of an agreement or problem relative to the transaction from the person honoring the credit card; (2) the amount of the initial transaction exceeds $50; (3) the place where the initial transaction occurred was in the same State as the mailing address previously provided by the cardholder or was within 100 miles of such address... ." 15 U.S.C. § 1666i.

The Complaint fails to allege that Plaintiff met *any* of the criteria in order to bring a claim against FIA under Section 1666i. Plaintiff does not describe the purported dispute or her attempts to resolve it. She does not: identify the merchant who honored the credit card; state the amount at issue; or name the place where the transaction occurred. Simply put, Plaintiff's Complaint makes no effort to satisfy the requirements for asserting "Claims and Defenses" under Section 1666i.

**B. Plaintiff Has Not Alleged a Separate TILA Violation.**

Plaintiff's TILA claims are fundamentally flawed in one other respect. To sustain a claim under Section 1666i, Plaintiff must separately allege that FIA violated some other provision of TILA. Indeed, Section 1666i is not a stand-alone action; rather it is a "structure under which the burden of bringing a lawsuit to collect a debt, after the cardholder has attempted and failed to obtain satisfactory resolution of a dispute, is placed upon the card issuer, rather than the cardholder." *Moynihan v. Providian*, 2003 U.S. Dist. LEXIS 13732, *5 (D. Md. 2003) (citing *Beaumont v. Citibank (SD) N.A.*, 2002 U.S. Dist. LEXIS 5276 (S.D.N.Y. 2002). Any assertion of Section 1666i claims must be accompanied by adequate allegations that an underlying TILA violation occurred as well. *See Beaumont v. Citibank (South Dakota) N.A.*, 2002 U.S. Dist. LEXIS 5276, 01 Civ. 3393 (S.D.N.Y. March 28, 2002). Thus, in order to invoke

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

Section 1666i as a basis for imposing the burden of bringing the lawsuit on a card issuer, a plaintiff must assert a separate violation of some other TILA provision.

For example, in *Moynihan*, the plaintiff used his Providian-issued credit card to make a purchase from a merchant called CyberRebate. After attempting to obtain a refund from CyberRebate, Moynihan sued Providian for breach of contract, detrimental reliance, and violation of the UCC, arguing that pursuant to Section 1666i, "Providian is vicariously liable for any claim he has against CyberRebate." *Moynihan,* 2003 U.S. Dist. LEXIS 13732, *4. Moynihan did not, however, allege that Providian had violated any independent provisions of TILA. Relying on *Beaumont*, the Court dismissed Moynihan's claims, holding that "Section 1666i does not provide an independent cause of action" and that Moynihan did not properly allege a "billing error" as "required" under 15 U.S.C. § 1666. *Id.*

Explaining *Beaumont*, 2002 U.S. Dist. LEXIS 5276, 01 Civ. 3393 (DLC), 2002 WL 483431 (S.D.N.Y. March 28, 2002), the Court in *Moynihan* stated:

> § 1666i creates a structure under which the burden of bringing a lawsuit to collect a debt, after the cardholder has attempted and failed to obtain satisfactory resolution of a dispute, is placed on the card issuer, rather than the cardholder. [*Beaumont*,] 2002 U.S. Dist. LEXIS 5276, [WL] at *6. Section 1666i, however, "does not create an independent cause of action for a cardholder." *Id.* Rather, § 1666i only allows a cardholder to assert claims and defenses against a card issuer in three instances: (1) as a justification for withholding payment; (2) in any lawsuit filed by the card issuer to collect on the account; or (3), if appropriate, in connection with a lawsuit brought by the cardholder for a violation of TILA. 2002 U.S. Dist. LEXIS 5276, *5-6. A cardholder may not assert affirmative claims and defenses authorized under § 1666i unless he or she can also assert a claim for a violation of TILA. *Id.* *6.

*Moynihan v. Providian*, 2003 U.S. Dist. LEXIS 13732, at *5.

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

In short, Plaintiff cannot bring a claim under Section 1666i without alleging that FIA violated another section of TILA. Plaintiff does not and cannot allege such a claim.[12] Instead, her Complaint is couched in terms of common law claims and declaratory judgment.[13] Despite having based her common law claims on TILA, Plaintiff has not made any showing that she is entitled to recover under Section 1666i or any other TILA provision. Thus, any asserted TILA-based claims should be dismissed.

## V. TO THE EXTENT THAT PLAINTIFF ASSERTS THAT ANY OF HER CLAIMS ARE TILA CLAIMS, THEY ARE BARRED BY ITS ONE-YEAR STATUTE OF LIMITATIONS.

Notwithstanding her inability to assert violations of TILA, if Plaintiff contends that her claims should to be construed as such, they are barred by a one-year statute of limitations. *See* 15 U.S.C. § 1640(e); *Dixon v. Countrywide Home Loans, Inc.*, 710 F. Supp. 2d 1325, 1333 (S.D. Fla. 2010) (dismissing TILA claim with prejudice). Indeed, a TILA violation is deemed to have occurred when the transaction is consummated. *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984). Plaintiff alleges that she (and the members of the putative class) contacted FIA to dispute

[12] At one point in her pleading, Plaintiff cites TILA Section 1666, titled "Correction of Billing Errors." Compl. ¶ 18. However, "[i]n order to state a claim under Section 1666, the plaintiff must allege: (1) the existence of a billing error; (2) plaintiff's timely notification of the billing error; and (3) failure of the card issuer to comply with the procedural requirements of Section 1666." *Beaumont v. Citibank (S.D.) N.A.*, 2002 WL 483431, at *3 (S.D.N.Y. Mar. 28, 2002). None of these elements are contained in Plaintiff's pleading. Moreover, a billing error is "[a] reflection on a statement of *goods or services* not accepted by the obligor or his designee or not delivered to the obligor or his designee in accordance with the agreement made at the time of a transaction." 15 U.S.C. § 1666(b)(3) (emphasis added). In other words, a "billing error" is a mistake on a card holder's statement, and not a dispute about the quality of goods or services received, which would appear to be the case here. Plaintiff does not allege that her dispute is a "billing error." Thus, Plaintiff has not properly pleaded a separate TILA violation.

[13] Congress has created a statutory cause of action for violations of Section 1666. *See* 15 U.S.C. § 1640(a). However, class action damages are capped at $500,000 "for the same failure to comply by the same creditor." 15 U.S.C. §1640(a)(2)(B). Moreover, a cause of action under Section 1666 has a one-year statute of limitations. Thus, it stands to reason that a statute cannot serve as the basis for common law claims when doing so would allow plaintiffs to escape legislatively-imposed limits on statutory remedies.

the charges giving rise to her claim "as early as" some unspecified date in 2007, Compl. ¶ 50. It can only be inferred that the transactions were consummated before or sometime in 2007. Plaintiff, however did not file her lawsuit until March 15, 2011 – some four years later. All of Plaintiff's TILA-based claims, therefore, are clearly untimely under the one-year time limit and should be dismissed with prejudice.

## VI. PLAINTIFF'S CLAIMS ARE SUBJECT TO THE FORUM SELECTION CLAUSE IN HER CREDIT CARD AGREEMENT WITH FIA.

Plaintiff is party to a credit card agreement with FIA, which contains a mandatory forum selection clause that states: "You agree that any litigation brought by you against us regarding this account or this Agreement shall be brought in a court located in the state of Delaware." Def. Ex. 1 at 6. Plaintiff, however, sued FIA in Palm Beach County, Florida.

"Federal courts have long recognized that mandatory forum selection clauses are presumptively valid and enforceable and warrant dismissal in favor of a contractually-mandated foreign forum." *Larsen v. Kerzner Int'l, Ltd.*, 2009 U.S. Dist. LEXIS 124961 (S.D. Fla. May 4, 2009) (citation omitted). The Complaint presents no reason for a contrary result. As such, this case should be dismissed for the additional reason that it was brought in the improper venue. *See Cantley v. Ducharme*, 2011 U.S. Dist. LEXIS 14812, *11 (S.D. Fla. Feb. 14, 2011).

**CONCLUSION**

For the foregoing reasons, FIA respectfully requests that this Court dismiss Plaintiff's Complaint and enter such other relief as this Court deems necessary and appropriate.

This, the 6th day of May, 2011.

Respectfully submitted,

s/ Marc T. Parrino, Esq.
J. RANDOLPH LIEBLER
Florida Bar No. 507954
E-mail: jrl@lgplaw.com
MARC T. PARRINO
Florida Bar No. 0018197
E-mail: mtp@lgplaw.com
*Attorneys for Bank of America, N.A.*
**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Fax: (305) 379-9626

Of Counsel:

Kathleen H. Dooley (*pro hac vice admission pending*)
Bradley R. Kutrow (*pro hac vice admission pending*)
Angela H. Zimmern (*pro hac vice admission pending*)
McGUIREWOODS LLP
100 N. Tryon Street, Suite 2900
Charlotte, N.C. 28202
Telephone: 704.373.8999
Facsimile: 704.373.8935
kdooley@mcguirewoods.com
bkutrow@mcguirewoods.com
azimmern@mcguirewoods.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of May, 2011, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail as indicated.

/s/ Marc T. Parrino, Esq.
MARC T. PARRINO

## SERVICE LIST

Paul Rogers Kennedy, Esq.
paul@prkpa.com
Compass Law Group
55 NE 5th Avenue, Second Floor
Delray Beach, FL 33484
Telephone: 561-819-5910
Facsimile: 561.819.5911
***Plaintiff's Counsel***
***Via U.S. Mail***